IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 05-cv-01511-LTB-CBS

HERBERT OLIVER SPELLER,
    Plaintiff,
v.

H. A. RIOS, JR., Warden,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court on an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by Herbert Oliver Speller ("Speller"), a *pro se* plaintiff alleging that he was denied due process in connection with a prison disciplinary hearing. As relief Speller is seeking to expunge the disciplinary conviction from his record and restoration of lost good time credits. On February 10, 2006, a Special Order of Reference to the Magistrate Judge was entered in this action. The court has reviewed the Application and Memorandum (Docs. # 3 and # 5), Respondent's Response to Order to Show Cause (Doc. #12), Speller's Transverse (Doc. #13), Respondent's Sur-Reply (Doc. # 20), Speller's Reply (Doc. # 27), the entire case file, the exhibits, and the applicable law and is sufficiently advised in the premises. The court recommends that the Application be denied and that this civil action be dismissed.

**BACKGROUND**

Speller is in the custody of the United States Bureau of Prisons (BOP) and currently is held at FCI Florence. In the Application, Speller contends that his right to due process was

1

violated when he was unable to call a requested witness and there was no evidence to support the Disciplinary Hearing Officer's ("DHO") finding. Speller accepted waiver of appearance concerning all witnesses at an initial disciplinary hearing on January 7, 2004. (Exhibit E). Furthermore, during the hearing, Speller denied culpability in the charge and stated, "I admit to a fight, and not an assault." (Exhibit C, Incident Report). After the DHO imposed sanctions, including disallowance of 27 days good conduct time, Speller filed a Regional Administrative Remedy Appeal. (Exhibit C). The U.S. Department of Justice informed Speller that a procedural error was discovered in the initial hearing and he was entitled to a rehearing. (Exhibit F). At his rehearing, Speller requested that certain named witnesses be called to testify, including inmate Dean. (Exhibit D). Inmate Dean was medically unable to provide a statement at the rehearing, Speller was again sanctioned, and Speller once again appealed. (Exhibit A, Exhibit B). Speller filed this Habeas Corpus Application alleging violation of his due process rights under *Wolf v. McDonnell*, 418 U.S. 539 (1974). As relief Speller seeks to expunge the disciplinary conviction from his record and the restoration of 27 days of lost good time credit. (Appl.).

## ANALYSIS

"[I]t has long been clear that inmates retain due process rights in prison disciplinary hearings." *Hanrahan v. Doling*, 331 F.3d 93, 97 (2d. Cir. 2003). An inmate may challenge the loss of good time credits as a result of a prison disciplinary proceeding only by a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-88 (1973). The Supreme Court has held that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). A disciplinary hearing requires certain due process protections including: (1)

advance written notice of the charges; (2) an opportunity to call witnesses and present documentary evidence subject to legitimate safety and correctional goals of the institution; (3) that the inmate be judged by a "fair and impartial hearing officer;" and (4) a written statement by the factfinders listing the "reasons for the disciplinary action taken," and "supported by at least 'some evidence'." *Kalwasinski v Morse*, 201 F.3d 103, 108 (2d. Cir. 1999); *see also, e.g., Wolff*, 418 U.S. at 563-67 (established minimum requirements of procedural due process in prison disciplinary proceedings).

When reviewing disciplinary proceedings, the relevant inquiry is whether there was "some evidence" supporting the findings of the hearing officer. *Superintendent v. Hill*, 472 U.S. 445, 454-56 (1985). "Ascertaining whether this standard is satisfied does not require examination on the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell v. Maryland*, 80 F.3d 1433, 1445 (10th Cir. 1996) (citing *Hill*, 472 U.S. at 457). In the Tenth Circuit, the "some evidence" standard governs a determination of whether a prison disciplinary conviction complies with the mandates of the Due Process Clause. *Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000).

Speller asserts that his due process rights were violated when a requested witness did not testify at the second of two disciplinary hearings. (Exhibit A). Upon waiving his right to call witnesses at his first disciplinary hearing, Speller requested that three witnesses testify at his rehearing: inmate Zehm, inmate Ray, and inmate Dean. (Exhibit D). Both inmates Zehm and Ray

testified that they left the area because an alleged confrontation between Speller and another inmate was about to take place. (Exhibit C). Inmate Dean was medically unable to testify because he was in a coma-like state near death. (Exhibit C & Ans. to OSC ¶ 2). According to the medical reports, Speller and the victim both suffered injuries consistent with an assault. Furthermore, immediately after the incident in question, Speller admitted to the Lieutenant on duty that he struck the inmate and later made the following statement "I hit the guy for a reason." (Exhibit E).

Although inmate Dean was medically unable to testify, Speller has made no attempt to adequately show how the testimony of Dean would have effected the outcome of his disciplinary hearings. There is no due process violation associated with denying access to cumulative evidence. *Chesson v. Jaquez*, 986 F.2d 363, 366 (10th Cir. 1993) (testimony disallowed where plaintiff failed to adequately show testimony would have supported his argument before a disciplinary committee); *Piggie v. Cotton*, 344 F.3d 674, 677-78 (7th Cir. 2003) (no due process "right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary"). At the time Dean was listed as a potential witness in Exhibit D, his anticipated testimony was no different than the testimony of inmates Zehm and Ray. Even if Dean was medically able to testify, it would be difficult for the hearing officer to disregard the other evidence, specifically the two admissions by Speller that he struck the victim. Speller's due process rights were not violated when inmate Dean was medically unable to testify.

The evidence offered here is stronger than the "some evidence" standard enforced by the Tenth Circuit and meets the "meager" threshold established in *Hill*. *Hill*, 472 U.S. at 457; *see also Plunk*, 234 F.3d at 1130 (the "some evidence" standard governs a determination of whether

a prison disciplinary conviction complies with the mandates of the Due Process Clause in the Tenth Circuit).  Speller openly stated on two occasions that he struck another inmate; never does he deny this.  Both witnesses who were called to testify indicated that they were not present when the alleged assault occurred, but inferred that the reason they left the scene was because an altercation was looming.  Additionally, the medical records indicate injuries consistent with that of a victim and an assaulter.  There is sufficient evidence in the record to satisfy the "some evidence" standard and support the DHO's decision.

## CONCLUSION

The disciplinary proceedings did not deprive Speller of his due process rights and met the minimum standard of "some evidence" to find him guilty of assault.  Accordingly, IT IS RECOMMENDED that the Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (filed September 7, 2005) (Doc. # 5) be DENIED and this civil action be DISMISSED with prejudice.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;

*United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 9th day of March, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge